Corey A. Holton, WSB No. 7-5562
Bachus & Schanker, LLC
13700 E. Alameda Ave.
Aurora, Colorado 80012
Phone:  303-893-9800
Fax:     303-893-9900
corey.holton@coloradolaw.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KIMBERLY FLYNN,<br><br>       Plaintiff,<br><br>vs.<br><br>BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF SHERIDAN, a Wyoming body corporate and politic,<br><br>       Defendant. | Case No. |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** the plaintiff, Kimberly Flynn, by and through her undersigned counsel, and for her civil complaint and jury demand against Defendant states and avers as follows:

**<u>NATURE OF THE ACTION</u>**

1.     This matter arises out of a February 19, 2023 collision that occurred at or near the intersection of WY 355 and Knode Road in Sheridan County, Wyoming between Plaintiff and Carl Schleichardt ("the Collision) in which Schleichardt, while driving a

snowplow in the course and scope of his employment with Defendant, failed to yield the right of way, colliding with a vehicle Plaintiff was driving.

**PARTIES**

2.      Plaintiff re-alleges and incorporates the paragraphs set forth above.

3.      At all times relevant to this action, Plaintiff Kimberly Flynn ("Flynn") was a resident and domiciliary of the State of Colorado.

4.      At all times relevant to this action, Defendant Board of County Commissioners for the County of Sheridan ("Sheridan County") is a body corporate and politic and is designated as such in accordance with Wyo. Stat. Ann. § 18-2-101.

5.      Pursuant to Wyo. Stat. Ann. § 1-39-105, Defendant Sheridan County is liable for damages resulting from bodily injury, wrongful death, or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of any motor vehicle, aircraft, or watercraft.

6.      At the time of the Collision, Carl Schleichardt ("Schleichardt") was an employee of Defendant Sheridan County.

7.      At the time of the Collision, Schleichardt was operating a snow-plow in the course and scope of his employment with Defendant Sheridan County.

8.      At the time of the Collision, Schleichardt was negligent.

9.      Schleichardt's negligence occurred while acting within the scope of their duties as an employee of Defendant Sheridan County.

## JURISDICTION and VENUE

10. Plaintiff re-alleges and incorporates the paragraphs set forth above.

11. This Court has subject matter jurisdiction over this civil action pursuant to 28 USC § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

12. This Court has personal jurisdiction over Defendant Sheridan County.

13. Venue is proper in the United States District Court for the District of Wyoming, pursuant to 28 USC § 1391 as the acts and omissions complained of occurred within the District of Wyoming.

## GOVERNMENTAL CLAIMS FILING

14. Defendant Sheridan County is a Wyoming governmental entity and body politic.

15. On August 15, 2023 Plaintiff timely provided notice by certified mail, return receipt requested of her governmental claim under Wyo. Stat. Ann. § 1-39-113 to the State of Wyoming. A copy of the claim is attached hereto as Exhibit 1.

16. On March 11, 2024 Plaintiff timely provided a second notice by certified mail, return receipt requested, and personal service, of her governmental claim under Wyo. Stat. Ann. § 1-39-113 to the State of Wyoming. A copy of the claim is attached hereto as Exhibit 2.

17. The notice included a sufficiently itemized statement in writing of the acts, errors, and omissions of Defendant and their employee and/or agent.

18. Plaintiff's claims satisfy the requirements under subsection (c) of Wyo. Stat. Ann. § 1-39-113 and were filed in accordance with Wyo. Stat Ann. § 1-39-113.

19. The claim was signed, under oath, by Plaintiff in compliance with Wyo. Stat. Ann. § 1-39-113(d)(iii). The claim complied with the signature and certification requirement of Article 16, Section 7 of the Wyoming Constitution. Plaintiff/claimant stated: "I hereby certify under penalty of false swearing that the foregoing claim, including all of its attachments, if any, is true and accurate."

<u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

20. Plaintiff re-alleges and incorporates the paragraphs set forth above.

21. Immediately prior to the Collision. Plaintiff Flynn was driving a 2018 Jeep Wrangler northbound on WY 235 near Sheridan, Wyoming.

22. Immediately prior to, and at the time of the Collision, Zachary Nicholson was a front seat passenger in the aforementioned Jeep.

23. WY 355 intersects with Knode Road near Sheridan, Wyoming.

24. Immediately prior to the Collision, Schleichardt was driving a Western Star snowplow westbound on Knode Road.

25. The aforementioned snowplow was owned by Defendant Sheridan County.

26. At the time of the Collision, upon information and belief, Schleichardt was driving the aforementioned snowplow with the express or implied permission of Defendant Sheridan County.

27. At the time of the Collision, there was supposed to be stop sign on Knode Road at the intersection with WY 355 such that westbound traffic on Knode Road was required to stop.

28. At the time of the Collision, the stop sign on Knode Road at the intersection with WY 355 was missing.

29. Upon information and belief, at the time of the Collision, Defendant Sheridan County was responsible for the maintenance, placement, and replacement of the aforementioned stop sign.

30. Upon information and belief, prior to this Collision, Schleichardt had driven through the intersection of westbound Knode Road and WY 355 many times during the course and scope of his employment with Defendant Sheridan County.

31. At the time of the Collision, Schleichardt knew or should have known that there was supposed to be a stop sign at the intersection of westbound Knode Road and WY 355.

32. At the time of the Collision, Schleichardt knew or should have known that traffic driving westbound Knode Road must stop at the intersection with WY 355.

33. The Collision occurred when Schleichardt failed to stop on westbound Knode Road at the intersection with WY 355 and entered the intersection, and collided with Plaintiff.

34. At the time of the Collision, Plaintiff was driving at a safe and reasonable speed.

35. At the time of the Collision, Plaintiff had the right of way.

36. At the time of the Collision, Schleichardt took the right of way.

37. At the time of the Collision, Schleichardt had an unobstructed view of traffic heading northbound on WY 355.

38. At the time of the Collision, Schleichardt was acting in the course and scope of his employment with Defendant Sheridan County.

39. At the time of the Collision, Schleichardt operated a motor vehicle in a negligent manner.

40. Schleichardt's negligent operation of a motor vehicle caused the Collision.

41. Defendant Sheridan County is liable for the damages caused by the negligence of its employee, Schleichardt, pursuant to Wyo. Stat. Ann. § 1-39-105.

42. As a direct and proximate result of the Collision, Plaintiff has sustained, and will continue to sustain in the future, economic damages, non-economic damages, physical impairment, and disfigurement.

### FIRST CLAIM FOR RELIEF
(Vicarious Liability – Defendant Sheridan County)

43. Plaintiff re-alleges and incorporates the paragraphs set forth above.

44. At all times relevant, and specifically at the time of the Collision, Schleichardt was an employee of Defendant Sheridan County.

45. At all times relevant, and specifically at the time of the Collision, Schleichardt was acting within the course and scope of his employment with Defendant Sheridan County.

46. At the time of the Collision, Schleichardt owed Plaintiff a duty to use reasonable care in the operation of a motor vehicle, specifically the aforementioned snowplow.

47. At the time of the Collision, Schleichardt breached his duty to Plaintiff, without limitation, by:

    a. Failing to keep a proper lookout;

    b. Taking the right of way;

    c. Entering an intersection without stopping;

    d. Failing to yield the right of way;

    e. Causing a Collision with Plaintiff.

48. At the time of the Collision, Schleichardt was negligent.

49. Schleichardt's negligence was a direct and proximate cause of Plaintiff's injuries, damages, and losses.

50. Defendant Sheridan County is liable for the damages caused by the negligence of its employee, Schleichardt, pursuant to Wyo. Stat. Ann. § 1-39-105.

51. The injuries, damages, and losses Plaintiff sustained are imputed to Defendant Sheridan County.

52. As a direct and proximate result of the negligent acts and/or omissions of its employee, Schleichardt, Defendant Sheridan County is liable for the injuries, damages, and losses suffered by Plaintiff, as specifically set forth in the DAMAGES section below, which is incorporated herein by reference.

**<u>DAMAGES</u>**

7

53. Plaintiff re-alleges and incorporates the paragraphs set forth above.

54. As a direct and proximate cause of the acts and omissions of Defendant Sheridan County and/or its employee, Schleichardt , complained of herein. Plaintiff has suffered damages including but not limited to permanent physical injuries which have radically changed her lifestyle on a permanent basis. As consequence of the Collision, Plaintiff has sustained the following damages:

a. Past and future loss of income;

b. Loss of ability to earn income;

c. Past and future medical expense, including the cost of care which can reasonably be expected to incur in the future in an amount to be set forth at trial;

d. Other economic losses;

e. Past and future pain and suffering;

f. Past and future loss of enjoyment of life;

g. Disfigurement;

h. Permanent physical disability;

i. Pre and post judgment interest in accordance with applicable law

j. All costs, expenses, and fees associated with this litigation;

k. All other damages properly recoverable under Wyoming law;

l. Any other relief the court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flynn prays that the Court enter judgment against Defendant Sheridan County as follows:

I.   Judgment against Defendant for economic damages, both past, present, and future, in an amount consistent with the allegations pled herein and to be proven at trial.

II.  Judgment against Defendant for non-economic damages, both past, present, and future, in an amount consistent with the allegations pled herein and to be proven at trial.

I.   Judgment for costs, interest, and such other further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 11, 2024.

*/s/ Corey A. Holton*
_____
Corey A. Holton, 7-5562
Bachus & Schanker, LLC
13700 E. Alameda Ave.
Aurora, CO 80012
Telephone: (303) 893-9800
E-mail: Corey.Holton@ColoradoLaw.net
Attorney for Plaintiff